■ SHAYNE PETERS, Respondent, v. REVLON, INC., Appellant.— Judgment, Supreme Court, New York County, entered on April 1, 1971, after a jury trial, in an action for personal injuries in the sum of $5,832.50, unanimously reversed, on the facts and the law, and vacated, and a new trial directed, with costs and disbursements to abide the event. It was error to permit the plaintiff to testify over objection that the attendant was " fired " shortly after the occurrence. There was also error in the charge to the jury on the failure to produce a witness. While the charge itself was correct, it had no application to the facts at bar. The operator Edith was a total stranger to the waxing operation. Her sole connection with the case was plaintiff's testimony that in the past Edith had per-

formed the waxing operation on her. There was no occasion to call her as a witness and the charge implied such was the fact. The issue of ownership, operation and control should be cleared up. The present state of the record in this respect is confusing. Further, plaintiff lost no time from work. Her medical bill was $120. In the circumstances, we find the verdict excessive. Concur — McGivern, J. P., Murphy, McNally, Steuer and Tilzer, JJ.